UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROY PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:16-cv-01391-SEB-MPB ) |
| C. HUFFORD, MICHAEL SMITH, MONICA GIPSON, | ) ) ) ) |
| Defendants. | ) |

**Entry Granting Monica Gipson and Michael Smith's Motion for Summary Judgment and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the motion for summary judgment filed by defendants Michael Smith and Monica Gipson, dkt. [59], is **granted.**

**I.  Background**

The plaintiff in this 42 U.S.C. § 1983 civil rights action is prisoner Troy Phillips ("Mr. Phillips"). Mr. Phillips at all times relevant to this action was incarcerated at the Correctional Industrial Facility ("CIF"). Mr. Phillips alleges in his complaint that he has been denied treatment for Hepatitis C ("HCV"). The defendants are 1) C. Hufford; 2) Michael Smith ("Mr. Smith"); and 3) Monica Gipson ("Ms. Gipson"). Mr. Phillips seeks injunctive relief and compensatory damages.

All three defendants seek resolution of Mr. Phillips' claims through the entry of summary judgment. In this Entry, the Court discusses the motion for summary judgment filed by Mr. Smith and Ms. Gipson. Mr. Phillips has opposed the motion, dkt. nos. 69-72, and the moving

1

defendants replied, dkt. 74. C. Hufford's motion for summary judgment is discussed in a separate Entry.

## II. Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

## III. Discussion

### A. Undisputed Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Phillips as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Mr. Phillips alleges that the defendants denied him treatment for HCV. He wants his HCV to be treated with the prescription drug Harvoni.

Mr. Smith is a Quality Assurance Manager in the Health Services Division of the Indiana Department of Correction ("IDOC"). Dkt. 59-2, Affidavit of Michael Smith, at ¶ 1. As a Quality Assurance Manager, Mr. Smith's role includes responding to offender grievance appeals concerning their healthcare. *Id.* at ¶ 2. Mr. Smith is not a healthcare professional or licensed physician. *Id.* at ¶ 5. He does not see or treat offenders and cannot order that offenders receive specific care. *Id.* at ¶ 6. Mr. Smith relies on the healthcare providers to provide adequate, appropriate, and necessary care to the offender population. *Id.* at ¶ 6.

Mr. Smith responded to two grievance appeals filed by Mr. Phillips in October and December 2015, respectively, Grievance # 89148 and Grievance #89827. *Id.* at ¶ 9; dkt. 58-3; dkt. 58-4. For each grievance appeal, Mr. Smith reviewed Mr. Phillips' electronic medical record to confirm that Mr. Phillips was being seen by treating physicians. Dkt. 59-2, at ¶ 10. Mr. Smith also reviewed Mr. Phillips' lab work to confirm that his treatment was in accordance with the standards set by the Bureau of Prisons ("BOP") for HCV. *Id.* Mr. Smith concluded that Mr. Phillips was being seen by medical providers and it appeared that his treatment was in accordance with the BOP Guidelines. Therefore, Mr. Smith denied Mr. Phillips' grievance appeals. *Id.* at ¶ 11.

Mr. Phillips sent a letter dated December 10, 2015, to Mr. Smith and/or Ms. Gipson accompanied with his December 2015, grievance asking that he be reconsidered "for the medical treatment that can cure my Hepatitis C condition." Dkt. 71-2, p. 1. In that letter, Mr. Phillips alleged that he had "been having severe pain and discomfort in my stomach area and my urine is very dark." *Id.* Mr. Smith does not recall receiving any correspondence from Mr. Phillips in December of 2015 concerning Mr. Phillips' treatment, but if he had, he would have taken the

same steps he takes in responding to a grievance and reviewing Mr. Phillips' medical records. *Id.* at ¶ 13.

Ms. Gipson is the Director of Medical and Clinical Health Care Services for the IDOC. Dkt. 59-1, Gipson Aff., at ¶ 1. Ms. Gipson's role includes oversight of the medical vendor contract with the IDOC and oversight of four Quality Assurance Managers, in addition to responding to inquiries from the IDOC Ombudsman Bureau. *Id.* at ¶ 2. Ms. Gipson does not personally respond to offender grievance appeals or correspondence, but delegates that task to the Quality Assurance Managers. *Id.* at ¶ 3.

Although Ms. Gipson is a registered nurse, she is not a licensed physician and she does not see or treat offenders, nor does she make healthcare decisions for offenders. *Id.* at ¶ 4. She relies on the offender's healthcare providers to provide adequate, appropriate, and necessary care. *Id.*

Ms. Gipson is not personally acquainted with Mr. Phillips and has not had any personal involvement with him or the decisions of his medical providers. *Id.* at ¶ 6. She has never denied or interfered with his receipt of medical care. *Id.* Until this lawsuit, Ms. Gipson had no knowledge of Mr. Phillips' grievances concerning his HCV and she was not involved in the grievance appeal responses prepared by Michael Smith. *Id.* at ¶ 7.

Mr. Phillips has never met or talked to Mr. Smith or Ms. Gipson. Dkt. 59-3, Mr. Phillips' Dep. 11:2-5; 11:6-9. The only communication that Mr. Phillips has had with Mr. Smith or Ms. Gipson is through the appeal and response to Grievance # 89148 and Grievance #89827, and the letter he wrote to them. *Id.* at 11:10-15.

B. Analysis

At all times relevant to Mr. Phillips' claims, he was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 8374 (1994); *Petties v. Carter,* 836 F.3d 722, 728 (7th Cir. 2016) (en banc); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014).

For purposes of summary judgment, the parties do not dispute the first element, that Mr. Phillips has a serious medical condition. The subjective element of a deliberate indifference claim "requires more than negligence and it approaches intentional wrongdoing. The Supreme Court has compared the deliberate indifference standard to that of criminal recklessness." *Burton v. Downey,* 805 F.3d 776, 784 (7th Cir. 2015) (internal citation and quotation omitted). To constitute deliberate indifference, "a medical professional's treatment decision must be such a substantial departure from accepted professional judgment, practice, or standards as to

demonstrate that the person responsible did not base the decision on such a judgment." *Petties,* 838 F.3d at 729 (internal quotation omitted).

Mr. Phillips alleges that both Mr. Smith and Ms. Gipson refused to treat his HCV with Harvoni and told him that he would not be a candidate for that treatment because his liver enzymes were normal. He further alleges that these defendants were aware of his condition but continued to ignore it.

It is well-settled that a defendant must personally participate in a violation of the Constitution to be liable under § 1983. *See Townsend v. Cooper,* 759 F.3d 678, 684 (7th Cir. 2014) ("[P]rison employees who were not personally involved in the harms [the plaintiff] alleges may not be held liable under section 1983."); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Prison administrators investigating health-related grievances are permitted to defer to physicians' medical opinions. *Askew v. Davis,* 613 Fed.Appx. 544, 548 (7th Cir. 2015); *see also King v. Kramer,* 680 F.3d 1013, 1018 (7th Cir. 2012); *Munson v. Gaetz,* 673 F.3d 630, 637 (7th Cir. 2012) ("Any possible indifference to Munson's medical needs rests not with the prison officials involved in the publication review process but with those involved in maintaining his prescription regime."); *Berry v. Peterman,* 604 F.3d 435, 440 (7th Cir. 2010) (jail administrator who consulted with medical staff, forwarded inmate's concerns to the medical staff, and timely responded to inmate's complaints was entitled to defer to the judgment of jail health professionals "so long as he did not ignore" the inmate). Neither of these defendants personally determined what medical treatment was appropriate for Mr. Phillips.

Mr. Smith was made aware of Mr. Phillips' HCV diagnosis through Mr. Phillips' grievances and Mr. Smith's review of the medical records. In his response to Mr. Phillips'

October 2015, grievance appeal, Mr. Smith stated that the medical records indicated that "the medical provider noted liver enzymes were normal." Dkt. 58-3, p. 1.

Mr. Phillips has not presented evidence sufficient to create a genuine issue that Mr. Smith had the authority to provide medical treatment. Rather, it is undisputed that Mr. Smith is *not* a licensed physician. Mr. Smith responded to grievances submitted by Mr. Phillips about his medical care, but in doing so, Mr. Smith reviewed medical records and made no independent decisions regarding whether to provide any particular treatment. Mr. Smith delivered information to Mr. Phillips. He was not medically trained to assess whether HCV treatment was warranted under the circumstances. Rather, he relied on the decisions made by medical providers.

Mr. Smith did not, in fact, deny any treatment, nor did he ignore Mr. Phillips' grievances. No reasonable jury could find that Mr. Smith personally participated in or denied Mr. Phillips medical care.

Regarding the claim against Ms. Gipson, she had even less contact with Mr. Phillips. In fact, she did not personally respond to Mr. Phillips' grievances. She had delegated that task to Mr. Smith. She was not a medical provider, and she did not deny Mr. Phillips any medical treatment. No reasonable jury could find that Ms. Gipson personally participated in Mr. Phillips' healthcare or any constitutional violation.

### IV. Conclusion

Defendants Michael Smith and Monica Gipson are entitled to summary judgment on Mr. Phillips' claims of deliberate indifference to a serious medical need. Accordingly, their motion for summary judgment, dkt. [59], is **granted.**

7

Judgment consistent with this Entry and the Entry granting defendant C. Hufford's motion for summary judgment shall now issue.

**IT IS SO ORDERED.**

Date: 8/23/2017

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TROY PHILLIPS, 926868
Miami Correctional Facility
Inmate Mail/Parcels
3038 W. South 250
Bunker Hill, IN 46914

Electronically registered counsel